**WILLITS, Gdn., v. CUNNINGHAM, Adm'r.**

No. 19328.   Opinion Filed Nov. 5, 1929.

Calvin P. Boxley and Warren K. Snyder, for plaintiff in error.

Brownlee & Blaine, for defendant in error.

LESTER, V. C. J. The parties appear on appeal as in the court below, and will be referred to as plaintiff and defendant.

The plaintiff, individually and as guardian of the estate of Arthur Leland Snow, brought an action against W. F. Cunningham, individually and as administrator of the estate of W. O. Cunningham, deceased, in which it was sought that a trust be declared in favor of the plaintiff to a certain farm that will be referred to as the Puckett farm, and that specific performance be adjudged in favor of the plaintiff.

The defendant filed a lengthy answer to the petition of the plaintiff, and thereafter trial was had to the court, which resulted in a judgment in favor of the defendant.

The petition in error recites six assignments of error. Assignments 2, 4, and 6 are specially urged by plaintiffs sufficient to justify reversal of said cause.

Plaintiff elected to discuss assignments 2 and 4 together.

Assignment No. 2 is as follows:

"That the evidence shows that during the life of W. O. Cunningham, deceased, that he made two deeds to these petitioners in error, during his lifetime, one deed to certain property in the city of Kingfisher, state of Oklahoma, and one deed to a farm in Kingfisher county, state of Oklahoma, described as follows:

"The east ½ of the northwest quarter and lots 1, 7, 2, except a railroad right of way, of section 31, township 16 north, range 6 west, I. M.; and that both of said deeds were delivered for the use and benefit of the petitioners in error by W. O. Cunningham, deceased, to defendant in error, W. F. Cunningham, and that said defendant in error, W. F. Cunningham, in turn delivered the deed to the property in Kingfisher, state of Oklahoma, but retained the deed to the above described farm, and that the said court erred in ignoring or overlooking this evidence in not giving judgment to the petitioners in error."

Assignment No. 4 is as follows:

"That the said court erred in applying the law to the evidence in the case and in not giving judgment for the petitioners in error."

It will be noted that the plaintiff in error bases her right for reversal on the proposition that the deed was delivered by W. O. Cunningham to W. F. Cunningham with instructions to the latter to deliver the same to the plaintiff, and that W. F. Cunningham retained said deed and refused to deliver the same as instructed by the grantor.

The 4th assignment is that the court erred in misapplying the law to the evidence.

The brief of the plaintiff recites only a very limited amount of the evidence introduced at the trial. We have carefully read the voluminous record containing all the evidence introduced, and we deduce therefrom substantially the following facts:

W. O. Cunningham and his wife owned from the year 1910, until the death of W. O. Cunningham four separate pieces of real estate, to wit: Certain city property in Kingfisher, formerly occupied by W. O. Cunningham and family as a home; one farm known as the Cunningham farm; another farm known as the School Quarter farm; also another farm known as the Puckett farm;

the last-named farm being the subject of this controversy.

A deed to the city property was duly executed by W. O. Cunningham to W. F. Cunningham. The plaintiff claimed that W. O. Cunningham made and executed a deed to the Puckett farm in favor of the plaintiff and delivered the same to W. F. Cunningham with instructions that he in turn deliver same to the plaintiff.

It appears that during the year 1923, W. O. Cunningham executed two deeds in favor of the plaintiff. One of the deeds conveyed the city property hereinbefore referred to and the other deed conveyed the Puckett farm. Each of these deeds was kept by the grantor until the year 1925, when he delivered the deed to the city property to his son, W. F. Cunningham, who in turn delivered it to the plaintiff.

The plaintiff claimed that the deed to the Puckett farm was also delivered to W. F. Cunningham with instructions to deliver to the plaintiff, but the said W. F. Cunningham in violation of said instructions retained the same and had refused to deliver to the plaintiff.

Defendant, W. F. Cunningham, states that it was the intention of his father at one time to convey to the plaintiff title to the Puckett farm, but that W. O. Cunningham became estranged from the plaintiff, Grace Willits, and that said W. O. Cunningham thereafter destroyed the deed he had formerly made and executed in favor of the plaintiff; and that the deed was never delivered by said W. O. Cunningham to the defendant.

W. O. Cunningham died on the 15th day of October, 1925. W. F. Cunningham became the administrator of the estate of W. O. Cunningham, and listed the Puckett farm as an asset of said estate.

The trial court, after long and tedious hearing on all the direct and collateral issues, rendered its judgment in favor of the defendant.

The case on appeal is narrowed to the question as to whether or not the deed to the Puckett farm was received by the defendant with instructions to deliver same to the plaintiff.

The plaintiff introduced two communications from the defendant, one addressed to the plaintiff and the other addressed to Snyder and Boxley, attorneys for the plaintiff.

These two communications, standing alone, convey inferences, in the absence of positive evidence to the contrary, that the defendant had control of the deed in question, but the defendant in his testimony positively stated that at no time did he have actual or constructive possession of the said deed, but that, on the other hand, he witnessed the destruction of the deed by W. O. Cunningham.

Mrs. W. F. Cunningham also stated that the deed was destroyed by W. O. Cunningham.

The plaintiff in error having narrowed the issues on appeal to the evidence bearing on the delivery of the deed by W. O. Cunningham to the defendant for the purpose of its delivery in turn to the plaintiff, we find that the evidence on this point is not sufficient to justify this court in holding that the court below committed error in finding that the deed to the Puckett farm was never delivered to W. F. Cunningham.

The plaintiff contends that the court erred in permitting the testimony of Mrs. W. F. Cunningham, wife of W. F. Cunningham.

The case-made shows (308-314) the wife of the defendant was called and used by the plaintiff as a witness.

It appears that among the first questions propounded by plaintiff's counsel to the witness was, "Are you the wife of the defendant, W. F. Cunningham?" to which the witness replied in the affirmative.

The record further shows that the said witness was recalled by the defendant for further examination.

40 Cyc. p. 2238, states the rule to be as follows:

"The party who calls a witness waives any incompetency of such witness, and a party who examines a witness fully as to a certain matter, waives any incompetency of the witness to testify thereto, for the law will not permit a party to take the benefit of the evidence of an incompetent witness and at the same time object to the evidence that is against him on the ground of incompetency."

It further appears from the record that when the witness, Mrs. W. F. Cunningham, was recalled and examined by the defendant, several questions had been asked and answers made thereto by the witness before an objection was made to the competency of the said witness testifying by the plaintiff.

40 Cyc. p. 2237, paragraph b, section 12, states:

"Where a witness is incompetent to testify at all, the objection to his competency must

be made when he is offered as a witness and before he is sworn, and if not made then, is waived, unless the ground of incompetency become apparent only after examination of the witness is commenced, in which case an objection must be taken at once, or it will be considered as waived."

We find under the record in this case that the plaintiff waived the competency of said witness.

Judgment is affirmed.

MASON, C. J., and CLARK, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur.

SWINDALL, J., disqualified and not participating.

Note.—See under (2) 28 R. C. L. p. 450; (3) 28 R. C. L. p. 449. See "Appeal and Error," 4 C. J. §2853, p. 879, n. 83. "Witnesses," 40 Cyc. p. 2237, n. 28; 2239. 35, 36.